UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRYL BARNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:14-CV-167 NAB ) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Darryl Barnes' ("Barnes") application for disability insurance benefits and supplemental security income under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 5.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence.[1] The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will affirm the Commissioner's decision.

---

[1] Plaintiff titled his pleadings as a "Motion for Summary Judgment." In accordance with the Court's Case Management Order of February 4, 2014 [Doc. 2.], Federal Rule of Civil Procedure 56, and Local Rule 9.02, the undersigned will construe Plaintiff's pleadings as a Brief in Support of Complaint.

## I. Issue for Review

Barnes presents one issue for review. Barnes contends that the administrative law judge ("ALJ") erroneously found that he can work a full eight hour day. The Commissioner contends that the decision is supported by substantial evidence in the record as a whole.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

**III.    Discussion**

The residual functional capacity ("RFC") is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a).  The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[2] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).  It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).  An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record.  *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).  "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record."  *Wilcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008).  In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record."  20 C.F.R. §§ 404.1527(b), 416.927(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009).

The ALJ found that Barnes had the severe impairments of coronary artery disease, left ventricle hypertrophy, left eye vision deficit, hypertension, diabetes, and mild degenerative changes in the cervical spine.  (Tr. 15.)  The ALJ determined that Barnes had the RFC to perform sedentary work with the following limitations:  (1) no work that requires binocular vision, (2) work must allow ability to stand after one hour of sitting; and (3) only occasional exposure to dust, odors, fumes, gases, and other pulmonary irritants.  (Tr. 15-16.)  Barnes contends that the

---

[2] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.  SSR 96-8p, 1996 WL 374184, at *1.

ALJ did not consider the combined effects of all his impairments. Barnes asserts that he cannot work more than six hours in an eight hour day; therefore, the ALJ should have found him "unemployable in the open labor market" and disabled under the Social Security Act.

A review of the record as a whole demonstrates that Barnes has some restrictions in his functioning and ability to perform work related activities, however, he did not carry his burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). The ALJ's RFC determination included substantial limitations. Barnes is unable to direct the court to substantial evidence in the record that would support an even more restrictive RFC determination.

Barnes also contends that his treating physicians' opinions that he was a "suitable candidate for permanent disability" were substantial and competent evidence that support a finding that he is entitled to disability benefits. Dr. Matthew Bosner and Dr. Benjamin Voss were Barnes' treating physicians. The administrative record contains treatment notes from Drs. Bosner and Voss. (Tr. 383-420, 432-461.) The doctors wrote very similar notes asserting that Barnes suffered from coronary artery disease, persistent shortness of breath, and diabetes. (Tr. 421, 425.) The doctors also stated, "It is at this time I feel he is a suitable candidate for permanent disability." (Tr. 421, 425.) In this case, the ALJ gave little evidentiary weight to the opinions of Dr. Bosner and Dr. Voss. The ALJ stated that the opinions were inconsistent with routinely normal objective medical findings of record, including the doctors' own treatment notes.

All medical opinions, whether by treating or consultative examiners are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source;

(3) length of treatment relationship and frequency of examination, including nature and extent of the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). The RFC determination is based on all of the evidence in the medical record, not any particular doctor's treatment notes or medical opinion. *Pearsall*, 274 F.3d at 1217. An opinion that a claimant is disabled is a determination reserved to the Commissioner and a statement by a medical source that a claimant is disabled or unable to work does not require an automatic determination of disability by the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). The Court finds that the ALJ did not err in granting little evidentiary weight to the opinions of Dr. Bosner and Dr. Voss. The opinions provided no information regarding Barnes' functional limitations and were inconsistent with their treatment notes. Therefore, the Court finds that the ALJ's disability finding was supported by substantial evidence in the record as a whole.

Accordingly,

**IT IS HEREBY ORDERED** that the request for relief in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 10-11.]

**IT IS FURTHER ORDERED** that judgment will be entered in favor of the Defendant in a separate order.

Dated this 10th day of December, 2014.

                                              /s/ Nannette A. Baker  
                                              NANNETTE A. BAKER  
                                              UNITED STATES MAGISTRATE JUDGE